IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 4:11CV263 |
| | § | |
| $444,965.00 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant. | § | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States for violations of 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

Defendant In Rem

2. The defendant property is $444,965.00 in United States Currency (Defendant Property). Troopers with the Texas Department of Public Safety seized the Defendant Property on November 11, 2010 from Romeo Sapinoso and Fernanda Cunha. The seizure took place on Interstate 40, Potter County, Texas, in the Eastern District of Texas. The Defendant Property is currently in the custody of the Internal Revenue Service.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a). The Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (i) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange; or (iii) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

Facts

7. The Defendant Property is subject to forfeiture based on the following facts:

a. Based on information and belief, on or about November 11, 2010, Troopers Joe Livermore (Trooper Livermore) and Bill Brown (Trooper Brown) with the Texas Department of Public Safety observed a black and gold recreational vehicle, California license plate #6FMF024, following too closely behind another vehicle and conducted a traffic stop. The traffic stop took place at approximately mile marker 77, westbound Interstate 40, in Potter County, Texas, located in the Eastern District of Texas.

b. The driver was identified as Fernanda Cunha (Cunha) and the passenger was identified as Romeo Sapinoso (Sapinoso). After initial questioning of Cunha and Sapinoso, Trooper Livermore requested and received consent to search the vehicle. Sapinoso claimed ownership of the vehicle and its contents. Both Cunha and Sapinoso denied possession of any drugs or large amounts of currency over $10,000.00.

c. During a search of the recreational vehicle, Trooper Livermore smelled a strong odor of raw marijuana near the bathroom and bedroom area. Trooper Livermore lifted the wood frame of the bed and observed large amounts of U.S. currency on the floor in a paper bag, vacuumed sealed bags, a plastic bag, and a black trash bag. Based on experience and training, the troopers determined that the currency was packaged in a manner consistent with narcotics trafficking.

d. Cunha and Sapinoso were detained and transported to the TX DPS district office, and Troopers Livermore and Brown continued to search the vehicle.

Further search revealed plastic baggies containing marijuana and a white powdery substance which tested positive for cocaine in the bathroom of the vehicle. In the vehicle, the troopers also found notebook ledgers purportedly describing products and prices per unit consistent with current street value of hydroponic marijuana.

    e. Law enforcement executed a search warrant Sapinoso's seized computer. The computer search revealed several pictures of Sapinoso and Cunha taken in what appears to be an indoor marijuana grow house, as well as emails containing coded messages referring to marijuana, some corresponding to the drug ledgers found in the vehicle. Authorities also located a picture of Cunha covered with U.S. currency in $100 bills.

    f. A review of Sapinoso's tax returns for the years 2005 through 2009 revealed a total adjusted gross income of $349,995.00, with the average adjusted gross income being $69,999.00 per year.

    g. The currency seized totaled $444,965.00. Sapinoso has claimed ownership of the currency seized.

    h. Based on information and experience, the evidence from the searches performed on the vehicle and the computer and the analysis of Sapinoso's tax returns indicates that Sapinoso could not have legally accumulated this amount of U.S. currency.

Potential Claimants

8. The only known potential claimants to the Defendant Property are:

   i. Romeo Sapinoso, 190 Pearce Street, Hercules, CA 94547. Mr. Sapinoso is represented by attorney William Kent Paschal, 5600 Bell Street, Suite 105, Box 303, Amarillo, Texas 79109; and

   ii. Fernanda Cunha, 2305 Antler Court, Antioch, CA 94547.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOHN M. BALES
United States Attorney

/s/
Camelia Lopez
Assistant United States Attorney
Texas Bar No. 24036990
101 East Park Boulevard, Suite 500
Plano, TX 75074
tel: (972) 509-1201
fax: (972) 509-1209
email: camelia.lopez@usdoj.gov

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Vincent Cantu, hereby state that:

1. I am a Special Agent with the Internal Revenue Service.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*Vincent Cantu*
Vincent Cantu
Special Agent
Internal Revenue Service

Dated:   April 22, 2011.